**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV50-02-V
(5:01CR5-11-V)**

| | |
|---|---|
| **HEATH BLAKE WINKLER,** )<br>     **Petitioner,**        )<br>                              )<br>     **v.**                   )<br>                              )<br>**UNITED STATES OF AMERICA,** )<br>     **Respondent.**          )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court on the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed April 21, 2003; on the "Government's Answer To Petitioner's Motion And Motion For Summary Judgment," filed June 10, 2003; on the petitioner's "Traverse," filed June 23, 2003; and on the petitioner's "Amendment [T]o Original Motion Under 28 U.S.C. §2255 Pursuant [T]o Rule 55(b)(2-3) and Rule 60(b) Fed.R.Civ.P." construed as a motion for leave to amend, filed August 17, 2004.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on March 13, 2001, a single-count Bill of Indictment was filed, naming the petitioner and 23 other individuals as defendants. Such Indictment charged the petitioner and his co-defendants with conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of powder cocaine, all in violation

of 21 U.S.C. §§841(a)(1) and 846. The Indictment also noted that in June 1994 and March 1998, the petitioner had been convicted by the State of North Carolina of a total of three separate felony drug offenses. Thereafter, on April 23, 2001, the government filed an Information pursuant to 21 U.S.C. §851, formally listing the petitioner's prior felony drug convictions as one for possession with intent to sell and deliver crack cocaine on March 2, 1998, and two for selling and delivering cocaine on June 7, 1994.

Next, on July 18, 2001, the petitioner entered into a written Plea Agreement with the government. By the terms of that Agreement, the petitioner agreed to plead guilty to the conspiracy charge set forth in the Indictment. In addition, the petitioner stipulated that he could be held accountable for his involvement with more than 1.5 kilograms of crack cocaine; and that there was an adequate factual basis to support his guilty plea.

On August 14, 2001, the Court conducted a Plea & Rule 11 Hearing, during which the undersigned engaged the petitioner in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. After considering the petitioner's responses to the Court's numerous questions, the Court found that the petitioner's guilty plea was knowingly and voluntarily tendered, and it accepted the plea.

On November 13, 2001, the United States Probation Office

prepared a Pre-Sentence Report.  Such Report noted that two of the three matters which were set forth in the government's §851 Notice did not result in felony drug convictions.  Accordingly, the Report advised that the petitioner's statutory minimum mandatory term was not life, but 20 years imprisonment by virtue of his single prior felony drug conviction.

More significantly, the Report pointed out that in light of the amount of drugs to which the petitioner had stipulated (resulting in an adjusted Total Offense Level of 35) and the fact that he had numerous prior convictions (placing him in Criminal History Category V), the petitioner's Guidelines range was 262 to 327 month imprisonment.  The Probation Office recommended, in the absence of a request for a downward departure, that the petitioner receive the minimum mandatory Guidelines sentence of 262 months imprisonment.

On April 17, 2002, the Court conducted a Factual Basis & Sentencing Hearing in this matter.  Upon its review of the petitioner's Pre-Sentence Report, the Court adopted the findings regarding the relevant sentencing range as set forth therein.  In particular, the Court adopted the Report's finding that the petitioner's only prior felony drug conviction was the one he sustained on March 2, 1998; and that, based upon the facts of this case and his prior criminal record, the petitioner's range of imprisonment was 262 to 327 months.

Next, however, the government made an oral motion for a downward departure pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e), based upon the petitioner's substantial assistance. After hearing from the parties, the Court granted the government's motion, and departed from Offense Level 35 to Level 29. The Court then sentenced the petitioner to a term of 144 months imprisonment--that is, to a term which was nearly ten years <u>less</u> than the minimum sentence he otherwise was facing under the Guidelines.

The petitioner did not directly appeal his conviction or sentence. Instead, on April 21, 2003, the petitioner filed the instant Motion to Vacate, alleging that he was subjected to ineffective assistance of counsel in two respects.

Specifically, the petitioner claims that counsel was ineffective for having failed to object to the Court's use of a prior felony drug offense for enhancement purposes because such prior offense did not involve his selling, distributing, or manufacturing a controlled substance. Also, the petitioner alleges that counsel was ineffective for having failed to object to use of that prior conviction since it was sustained for conduct in which he engaged during the same time as the instant conspiracy.

On June 10, 2003, the government's combined Answer and Motion for Summary Judgment was filed. By that document, the

government asserts that even assuming that the petitioner's prior felony drug conviction involved his possession of cocaine rather than his having engaged in some other unlawful activity with those substances, he still is not entitled to any relief on this challenge. On the contrary, the government argues that the conviction in question still was for a felony drug offense; therefore, it properly was relied upon by the Court. Moreover, by virtue of its motion for a downward departure, the government argues that the petitioner ultimately received a sentence far below both his statutory and Guidelines minimum terms. Therefore, the government contends that the petitioner cannot demonstrate either a deficiency or any prejudice as a result of counsel's conduct in this case.

Now, having carefully reviewed the matters before it, the Court finds that the petitioner has failed to forecast any facts which could raise a genuine issue of material fact concerning the propriety of his sentence; and that the government is entitled to a judgment as a matter of law. Accordingly, the government's Motion for Summary Judgment will be <u>granted</u>, and the petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

## II. **ANALYSIS**

### 1. **The petitioner's claims that counsel was ineffective is baseless**.

With respect to allegations of ineffective assistance of counsel, a petitioner must show that counsel's performance was

5

constitutionally deficient to the extent it fell below an objective standard of reasonableness, *and* that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290,

6

citing Strickland, 466 U.S. at 697.

More critically, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

At the outset of this analysis, the Court notes that despite his having filed several multi-page documents, the petitioner has never asserted that but for counsel's alleged ineffectiveness, he

7

would not have pled guilty and would have insisted upon going to trial. Such omission is both telling and legally significant in that it vastly undermines the petitioner's ability to demonstrate that he was prejudiced in this case.

Turning now to the petitioner's two claims--that counsel was ineffective for having failed to object to the use of his prior felony drug conviction in the calculation of minimum sentence on the ground that such conviction involved his possession of, not trafficking in, controlled substances, and that the conduct underlying the conviction occurred during the life of the instant conspiracy--the Court finds the same do not entitle the petitioner to any relief.

First, the petitioner, himself, refers to the prior conviction as one for a felony drug offense. Thus, notwithstanding whether such conviction was for the petitioner's having merely possessed the cocaine or his having manufactured, sold, or distributed those substances, such distinction is inconsequential since §841(b)(1)(A) is triggered when a defendant simply has sustained a felony drug conviction of any kind prior to his commission of the instant offense. To put it another way, §841-(b)(1)(A) requires this Court to elevate a defendant's statutory minimum mandatory term anytime he previously has sustained a felony drug conviction, irrespective of the nature of the conduct underlying that conviction. Consequently, defense counsel could

not have been ineffective for having failed to raise this particular challenge.

Second, the petitioner cannot demonstrate any deficiency on the basis of counsel's failure to object to the Court's use of his prior conviction on the ground that such conviction was sustained during the life of the instant conspiracy.  Indeed, in United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997), the Court held that convictions which were sustained during the course of a conspiracy properly can support the imposition of a sentencing enhancement.  In that case, the Court affirmed an enhanced mandatory life sentence for a conspiracy conviction which relied, at least in part, on prior convictions for conduct which occurred while the conspiracy was continuing.

Third, and most importantly, the petitioner cannot possibly demonstrate any prejudice in connection with these two allegations.  As the government correctly notes, even assuming the Court erred in using the prior felony drug conviction to determine the petitioner's statutory minimum mandatory sentence, that error did not harm the petitioner in this case. Rather, based upon the petitioner's stipulation to involvement with more than 1.5 kilograms of crack cocaine and his prior criminal record, his Guidelines minimum mandatory term would have been higher than the ten year statutory minimum mandatory term for which he argues. That is, even if the petitioner's statutory minimum term had been

9

10 years, as he claims, that term still would have been replaced by the higher 262-month minimum mandatory Guidelines term due to the specific, uncontradicted facts of this case.

Furthermore, as was noted already, the Court departed down below the petitioner's properly calculated Guidelines minimum mandatory sentence and imposed a term which was nearly 10 years lower than that 262-month sentence. On these facts, then, the petitioner clearly cannot demonstrate any prejudice based upon counsel's performance.

Finally, on August 17, 2004, the petitioner filed a document captioned as "Amendment [T]o Original Motion Under 28 USC §2255 Pursuant [T]o Rule 55(b)(2-3) [A]nd Rule 60(b) Fed.R.Civ.P." By that document, the petitioner essentially is attempting to challenge his sentence under the recent decision in Blakely v. Washington, 542 U.S. 296 (2004). However, such untimely attempt to raise a new claim must be flatly rejected inasmuch as the holding from Blakely cannot be retroactively applied in this collateral proceeding. See United States v. Fowler, WL 146002 unpub'd (W.Va June 17, 2005) (noting that "neither Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.").

Moreover, the petitioner's sentence was not based upon his involvement with some unproven amount of crack cocaine, but was

based upon his admitted involvement with more than 1.5 kilograms of crack. Therefore, the petitioner's proposed claim must be rejected as futile in any event. See New Beckley Mining Corp. v. Int'l Union, 18 F.3d 1161, 1164 (4th Cir. 1994); accord Foman v. Davis, 371 U.S. 178, 182 (1962).

### III.  CONCLUSION

The Court has conducted a careful review of the foregoing Motions, along with the record of this matter and determined that the petitioner has failed to forecast any evidence which can support his claims for relief. Similarly, the petitioner's belated attempt to press an additional challenge to his sentence is not supported in law or fact. Therefore, the petitioner's Motion to Vacate and his de facto motion for leave to amend must be denied.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's de facto motion to amend (document # 7) is **DENIED;**

2. That the government's Motion for Summary Judgment (document # 3) is **GRANTED;** and

2. That the petitioner's' Motion to Vacate (document # 1) is **DENIED and DISMISSED.**

**SO ORDERED.**

11

**Signed: August 29, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge